# United States Court of Appeals
### FOR THE DISTRICT OF COLUMBIA CIRCUIT

———

Argued October 22, 2012          Decided January 11, 2013

No. 11-1179

GAMEFLY, INC.,
PETITIONER

v.

POSTAL REGULATORY COMMISSION,
RESPONDENT

UNITED STATES POSTAL SERVICE,
INTERVENOR

———

On Petition for Review of an Order
of the Postal Regulatory Commission

———

*David M. Levy* argued the cause for petitioner. With him on the briefs was *Matthew D. Field*.

*Jeffrey Clair*, Attorney, U.S. Department of Justice, argued the cause for respondent. With him on the brief were *Tony West*, Assistant Attorney General, *Michael S. Raab*, Attorney, and *Stephen L. Sharfman*, General Counsel, Postal Regulatory Commission, *R. Brian Corcoran*, Deputy General

Counsel, and *Richard A. Oliver*, Attorney. *Sarang V. Damle*, Attorney, U.S. Department of Justice, entered an appearance.

*Michael J. Elston*, Chief Counsel, and *Morgan E. Rehrig*, Attorney, U.S. Postal Service, were on the brief for intervenor United States Postal Service.

Before: SENTELLE, *Chief Judge*, GRIFFITH and KAVANAUGH, *Circuit Judges*.

Opinion for the Court filed by *Chief Judge* SENTELLE.

SENTELLE, *Chief Judge*: GameFly, Inc. ("GameFly") and Netflix, Inc. ("Netflix") use the United States Postal Service (the "Postal Service") to mail DVDs to their customers. GameFly filed a complaint under 39 U.S.C. § 3662(a) with the Postal Regulatory Commission (the "Commission") accusing the Postal Service of providing preferential rates and terms of service to Netflix in violation of 39 U.S.C. § 403(c). The Commission issued an order finding that the Postal Service was indeed discriminating against GameFly, but its remedy left much of the discrimination in place. GameFly appealed. Because we conclude that the Commission's explanation of the residual discrimination its remedy left in place is unreasonable, we vacate the Commission's order and remand for further proceedings.

## I. BACKGROUND

GameFly is in the business of renting and selling video games to customers. Netflix, not a party to this litigation but much a part of the subject of it, is in the business of renting DVDs of movies and other similar content. While the companies are not direct competitors, Netflix being principally in the movie business and GameFly dealing in

games, they use the same medium for the transmission of their product.[1]  The DVD medium (an acronym for "digital versatile disk" or "digital video disk") is an optical storage media format used for the recording of movies, video games, and other content.  The physical nature of the DVD does not change according to the content.  In their rental businesses, GameFly and Netflix mail DVDs to customers, who later return the disks to the company, typically in a pre-supplied envelope or container.

Because the disks are small and light, they qualify for mailing in one ounce letters through the Postal Service. Unfortunately for GameFly, but as it develops not Netflix, the Postal Service's automated mail processing often damages the DVDs—particularly on the return trip.  Conversely, DVD mailers tend to jam the Postal Service's automated letter sorting equipment.  Again, this has been to the detriment of GameFly but not Netflix.  The Postal Service has saved Netflix—apparently its biggest DVD mailer customer—from this crippling otherwise industry-wide problem by diverting Netflix mail from the automated letter stream, shifting it to specially designated trays and containers, hand culling it, and hand processing it.  Rather obviously, this is not without cost to the Postal Service.  Nonetheless, the Service provides it to Netflix free of charge.

GameFly has requested that the Postal Service extend to its mailings the same treatment afforded Netflix.  The Postal Service has refused, making it impossible for GameFly to use

---

[1]  While the record is not totally clear, it appears that a third company, Blockbuster, Inc., may have benefitted from some of the same favorable treatment allegedly extended to Netflix.  Blockbuster is predominantly a movie renter, but also competes with GameFly in the provision of video games.

First-Class machinable letter rates for its DVDs. Instead, GameFly must resort to workarounds to get its DVDs to its customers. First, GameFly mails its inbound and outbound DVD mailers as First-Class "flats"—a more expensive rate category intended for larger envelopes—which prevents much of the DVD breakage associated with automated letter processing. Second, GameFly places a protective cardboard insert in its DVD mailers to cushion the DVDs against shock and to ensure that the Postal Service's machines recognize the mailer as a flat and not a letter.

These workarounds are expensive. The Postal Service charges $0.44 for a DVD mailer entered as a one-ounce First-Class letter, but $0.88 for the same piece entered as a one-ounce First-Class flat. The protective cardboard insert pushes GameFly's mailer above the one-ounce mark, triggering a second-ounce charge of $0.20 per piece as well. All told, it costs GameFly millions annually to avoid the Postal Service's automated letter processing stream.

The Postal Service also normally charges a nonmachinability surcharge on mailers that cannot be processed in its automated sorting equipment, but does not require Netflix to pay that surcharge even though its mailers are nonmachinable. For years, some Postal Service staff have expressed concern about the cost, operational problems, unfairness, and potential legal exposure Netflix's preferential treatment creates. In 2007 an investigative report from the Postal Service's Office of Inspector General recommended that the Postal Service charge extra for the special manual processing given to Netflix. The Postal Service did not act on that recommendation.

GameFly filed a discrimination complaint with the Commission on April 23, 2009. The Commission issued its

decision on April 20, 2011, and ruled in favor of GameFly on nearly every significant issue in dispute. It found that the Postal Service had discriminated against GameFly in rates and terms of service. It rejected each of the Postal Service's arguments that the discrimination was reasonable. While GameFly was victorious in the merits of its discrimination claim, it was not satisfied with the Commission's remedial order. GameFly had sought two remedies which the Commission rejected. First, GameFly had requested a Commission order requiring the Postal Service to offer GameFly and other DVD rental companies manual culling and processing at machinable letter rates to the same extent as Netflix. Second, it requested a reduced automation rate for flat-shaped DVD mailers (the rate could be set at a level slightly above the automation letter rate for DVD mailers to produce equal contributions per piece for the two shapes).

The Commission rejected both of GameFly's proposed remedies and fashioned one of its own instead. First, it ordered the Postal Service to waive the 20-cent second-ounce charge for DVDs mailed as flats. Second, it ordered the Postal Service to refrain from imposing a nonmachinable surcharge on any qualifying round-trip DVD mailer that is sent as letter mail and that weighs one ounce or less. The Commission acknowledged that its order could still require GameFly to "continue to generate more than double the contribution per piece than Netflix mail," but it explained that "the remaining rate disparity is reasonable in light of the differences between the letter-shaped and flat-shaped round-trip DVD mailers." GameFly petitioned for review of the Commission's order.

## II.   DISCUSSION

We have jurisdiction for this appellate review under 39 U.S.C. § 3663, which provides for petitions for review in this court.  The standard of review by incorporation of section 706 of title 5 is drawn from the Administrative Procedure Act.  Under APA review, we may set aside an agency action that is "arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law."  5 U.S.C. § 706(2)(A).  In reviewing agency action under that standard, "a court is not to substitute its judgment for that of the agency.  Nevertheless, the agency must examine the relevant data and articulate a satisfactory explanation for its action including a rational connection between the facts found and the choice made." *Motor Vehicle Mfrs. Ass'n of the U.S., Inc. v. State Farm Mut. Auto. Ins.*, 463 U.S. 29, 43 (1983) (internal quotation marks omitted).  "Certainly, if the result reached is illogical on its own terms, the Authority's order is arbitrary and capricious." *Am. Fed'n of Gov't Emps. v. FLRA*, 470 F.3d 375, 380 (D.C. Cir. 2006) (internal quotation marks omitted).  As to the substantive law applicable to this specific matter under review, we look to 39 U.S.C. § 403(c).  That section provides:

> In providing services and in establishing classifications, rates, and fees under this title, the Postal Service shall not, except as specifically authorized in this title, make any undue or unreasonable discrimination among users of the mails, nor shall it grant any undue or unreasonable preferences to any such user.

39 U.S.C. § 3662 provides administrative remedy for the breach of the standards set forth in section 403(c).  Specifically, § 3662(a) authorizes complaints by "[a]ny interested person . . . who believes the Postal Service is not

operating in conformance with" § 403(c). Subsection 3662(c) provides:

> If the Postal Regulatory Commission finds the complaint to be justified, it shall order that the Postal Service take such action as the Commission considers appropriate in order to achieve compliance with the applicable requirements and to remedy the effects of any noncompliance . . . .

Subsection 403(c) only prohibits "undue" or "unreasonable" discrimination. Where the Commission allows discrimination to exist in the postal rate structure, it must explain why that discrimination is due or reasonable under § 403(c). *See Nat'l Easter Seal Soc'y v. USPS*, 656 F.2d 754, 760-62 (D.C. Cir. 1981). GameFly asks us to review the reasonableness of the Commission's rejection of its proposed remedies. But regardless of whether it adopted the precise remedy sought by the complainant, the Commission was required either to remedy all discrimination or to explain why any discrimination it left in place was due or reasonable under § 403(c). Therefore, we begin by examining the Commission's explanation for the residual discrimination its order left in place.

Here is that explanation in its entirety:

> The difference in the rates that will be paid by Netflix and GameFly under the remedy is justified by cost differences and by general pricing differences between the First-Class Mail flat and letter products. Additional rate differences may arise between users depending on whether a given mailer presorts its outbound pieces. Such differences are the result of reasonable pricing differences that exist between the

> various single-piece and presort rates applicable to First-Class Mail letters and flats.
>
> The price granted by the remedy is not as low as the alternative remedy sought by GameFly, and even at this rate, GameFly mail may continue to generate more than double the contribution per piece than Netflix mail. However, the remaining rate disparity is reasonable in light of the differences between letter-shaped and flat-shaped round-trip DVD mailers. By making the letter-shaped and flat-shaped round-trip DVD mailer rates available to all qualifying mailers, any potential discrimination against other similarly situated mailers is also remedied.

(footnote omitted).

The unstated assumption of this explanation is that GameFly has a free choice in whether to use flats or letters. But the Commission's findings establish that the Postal Service's terms of service discrimination against GameFly, not GameFly's free choice, led to the companies' use of different mailers. The Commission found that GameFly would switch to letter mail if the Postal Service would provide the same service on the same terms it provides to Netflix. The Postal Service refuses to do so. Without special manual processing like that afforded to Netflix, switching to letter mail could subject GameFly to an epidemic of cracked and shattered DVDs. The Commission cannot justify the terms of service discrimination its remedy leaves in place (providing manual letter processing to Netflix but not to GameFly) based on the companies' use of different mailers when the use of different mailers is itself the product of the service discrimination.

In short, we conclude that the Commission's order is arbitrary and capricious. *Am. Fed'n of Gov't Emps.*, 470 F.3d at 380 ("Certainly, if the result reached is illogical on its own terms, the Authority's order is arbitrary and capricious." (internal quotation marks omitted)). We need not, and do not, address GameFly's argument that its proposed remedies should have been adopted by the Commission. Upon rehearing, the Commission will surely consider those remedies, but there may be a range of other possible remedies which would withstand appellate review.

## III.  CONCLUSION

When, as in this case, the Commission properly finds that discrimination has occurred, it is obligated to remedy that discrimination, even if it concludes that none of the parties' proposed remedies is appropriate.  Here, even if the Commission's rejection of GameFly's proposed remedies was reasonable, its order is still arbitrary and capricious because it left discrimination in place without reasonable explanation. Therefore, we must vacate the Commission's order and remand this case for an adequate remedy.  The Commission must either remedy all discrimination or explain why any residual discrimination is due or reasonable under § 403.

\* \* \*

GameFly's petition for review is granted, the Commission's order is vacated, and the case is remanded.

*So ordered.*