# United States Court of Appeals

**FOR THE DISTRICT OF COLUMBIA CIRCUIT**

---

Argued February 19, 2014          Decided April 8, 2014

No. 13-1229

UNITED STATES POSTAL SERVICE,
PETITIONER

v.

POSTAL REGULATORY COMMISSION,
RESPONDENT

GAMEFLY, INC.,
INTERVENOR

---

On Petition for Review of Orders
of the Postal Regulatory Commission

---

*David C. Belt*, Attorney, United States Postal Service, argued the cause for the petitioner. *Morgan E. Rehrig*, Attorney, was on brief. *Stephan J. Boardman*, Attorney, entered an appearance.

*Jeffrey A. Clair*, Attorney, United States Department of Justice, argued the cause for the respondent. *Stuart F. Delery*, Assistant Attorney General, *Michael S. Raab*, Attorney, *Stephen L. Sharfman*, General Counsel, Postal Regulatory

Commission, *R. Brian Corcoran*, Deputy General Counsel, and *Richard A. Oliver*, Attorney, were on brief.

*David M. Levy*, *John F. Cooney* and *Matthew D. Field* were on brief for intervenor GameFly, Inc. in support of the respondent.

Before: HENDERSON and KAVANAUGH, *Circuit Judges*, and RANDOLPH, *Senior Circuit Judge*.

Opinion for the Court filed by *Circuit Judge* HENDERSON.

KAREN LeCRAFT HENDERSON, *Circuit Judge*: The United States Postal Service (USPS) seeks review of three orders of the Postal Regulatory Commission (Commission or PRC) implementing our mandate in *GameFly, Inc. v. Postal Regulatory Commission* (*GameFly I*), 704 F.3d 145 (D.C. Cir. 2013). In *GameFly I*, the PRC had found that USPS violated the proscription of "undue or unreasonable discrimination" in 39 U.S.C. § 403(c) when it refused to provide to GameFly, Inc. (GameFly), a company that rents and sells DVD video games by mail, the same special manual processing service for first class round-trip letter DVD mailers that USPS provided to Netflix, Inc. (Netflix), a company that rents DVD movies by mail.[1] Because of the disparate treatment, GameFly was forced to use USPS's more expensive first class "flat" mailer service to avoid DVD breakage in transit. We upheld the Commission's finding of discrimination but rejected the remedy it adopted—reducing the DVD flat service rate—because it left in place unjustified residual discrimination in that GameFly was still forced to pay a higher rate than Netflix paid to obtain comparable DVD

---

[1]"DVD" is an abbreviation for "digital versatile disk" or "digital video disc." *GameFly I*, 704 F.3d at 146.

protection. Accordingly, we remanded for the Commission to justify the residual discrimination or eliminate it entirely. On remand, the Commission adopted a remedy which equalizes the cost of first class letter and flat DVD rates, enabling GameFly (or Netflix or any other DVD mailer) to use either service at the same cost. We conclude the Commission's decision is consistent with our decision in *Gamefly I* and with the Postal Accountability and Enhancement Act (PAEA), Pub. L. No. 109–435, 120 Stat. 3198 (2006). Accordingly, we deny USPS's petition for review.

## I.

In April 2009, GameFly filed a complaint with the PRC alleging that USPS granted preferential rates and terms of service to Netflix in violation of 39 U.S.C. § 403(c), which provides:

> In providing services and in establishing classifications, rates, and fees under this title, the Postal Service shall not, except as specifically authorized in this title, make any undue or unreasonable discrimination among users of the mails, nor shall it grant any undue or unreasonable preferences to any such user.

GameFly alleged that USPS routinely hand-processed round-trip DVD mailers Netflix mailed at the first class one-ounce letter rate of $0.44 each, while waiving the customary non-machineable surcharge for mail that cannot be machine-processed—but refused to provide the same service to GameFly. As a result, to avoid the risk of DVD breakage in the automated sorters, GameFly was forced to mail its games in DVD flat mailers at the more expensive first class flat rate of $0.88 and to use a protective cardboard insert that bumped

up the mailer to the two-ounce rate, adding another $0.20 to the cost.

In April 2011, the PRC issued an order concluding that USPS's disparate treatment had subjected GameFly to "undue or unreasonable discrimination among users of the mails" in violation of 39 U.S.C. § 403(c) and imposing a remedy pursuant to its authority under section 205 of PAEA, 39 U.S.C. § 3662(c).[2] Rejecting the two straightforward remedies GameFly had suggested—to require that USPS offer GameFly the same manual processing at the same rates as Netflix or to offer a reduced automation rate for flat DVD mailers—the Commission instead directed that USPS (1) waive the $0.20 second-ounce rate for DVD flat mailers and (2) refrain from imposing the non-machineable surcharge on a round-trip first class DVD letter mailer weighing one ounce or less. Order on Complaint at 2, *Complaint of GameFly, Inc.*, Docket No. C2009-1 (PRC Apr. 20, 2011) (2011 PRC Order). The Commission acknowledged that its remedy "could still require GameFly to 'continue to generate more than double the contribution per piece than Netflix mail' ''

---

[2]Section 205 provides:

If the Postal Regulatory Commission finds the complaint to be justified, it shall order that the Postal Service take such action as the Commission considers appropriate in order to achieve compliance with the applicable requirements and to remedy the effects of any noncompliance (such as ordering unlawful rates to be adjusted to lawful levels, ordering the cancellation of market tests, ordering the Postal Service to discontinue providing loss-making products, or requiring the Postal Service to make up for revenue shortfalls in competitive products).

39 U.S.C. § 3662(c).

but explained that " 'the remaining rate disparity is reasonable in light of the differences between the letter-shaped and flat-shaped round-trip DVD mailers.' '' *GameFly I*, 704 F.3d at 148 (quoting 2011 PRC Order at 115).

GameFly filed a petition for review which we granted in *GameFly I*. We found the Commission's order was arbitrary and capricious because it left in place, without adequate justification, the very discrimination of which GameFly complained: that USPS provided manual processing to Netflix but not to GameFly. Without such special handling, GameFly was compelled either to pay the higher flat mail rate or to switch to letter mail and thereby risk "an epidemic of cracked and shattered DVDs." *Id*. at 149. Accordingly we vacated the PRC's order and remanded for "an adequate remedy," directing that the PRC "either remedy all discrimination or explain why any residual discrimination is due or reasonable under § 403." *Id.*

On remand, after a PRC-ordered settlement conference proved unsuccessful, the Commission issued a new remedial order. Order on Remand, *Complaint of GameFly, Inc.*, Docket No. C2009-1R (PRC June 26, 2013) (Remand Order) (JA 269). The Commission first set out three objectives it found essential to whatever remedy was adopted: that the remedy be (1) effective at redressing the residual discrimination, (2) that it be readily enforceable and (3) that it be able to be expeditiously implemented. The Commission then selected, in the alternative, the only two remedies it found met all three of the objectives:

> The Postal Service shall equalize the rates for letter- and flat-shaped DVD mail either by: (1) establishing new equalized rates for letter-shaped and flat-shaped DVD mail; or (2) reducing the price for a two-ounce

First-Class flat-shaped round-trip DVD mailer to the price for a one-ounce First-Class letter-shaped round-trip DVD mailer.

Remand Order at 39; *see id.* at 35 ("[T]he Commission concludes that an equalized rate remedy will be effective, enforceable, and can be implemented without unnecessary delay."). The Commission directed that, whichever alternative it chose, USPS was to file a notice of price adjustment within 30 days of the order and implement the change within 45-65 days thereafter. USPS moved for reconsideration of the Remand Order and also submitted a request to create a new "competitive" mail product for DVDs—a single all-purpose "Round-Trip Mailer"—to replace the separate first class letter and first class flat round-trip mailers, which are "market-dominant" products. *See* Request of USPS under § 3642 to Create Round-Trip Mailer Product at 3, *Complaint of GameFly, Inc.*, Docket No. C2009-1R (July 26, 2013).[3] The PRC denied reconsideration but opened a docket to consider USPS's new product request.

On September 4, 2013, the Commission issued its final remedial order. Order Prescribing Remedy, *Complaint of*

---

[3]"A service is 'market-dominant' if either (1) the Postal Service has achieved a level of market power in providing that service that would allow it to raise prices without losing 'a significant level of business,' [39 U.S.C.] § 3642(b)(1), or (2) it is a service covered by the statutory postal monopoly, *id.* § 3642(b)(2)." *Newspaper Ass'n of Am. v. Postal Regulatory Comm'n*, 734 F.3d 1208, 1210 (D.C. Cir. 2013). The PRC is charged with ensuring that competitive products not be subsidized by market-dominant products, that each competitive product cover its own costs and that collectively they cover "an appropriate share" of USPS's institutional costs. 39 U.S.C. § 3633(a).

*GameFly, Inc.*, Docket No. C2009-1R (PRC Sept. 4, 2013) (Remedy Order) (JA 368).  It explained therein that, because of the delay posed by multiple parties' opposition to USPS's new competitive product request combined with "the potential complexity of the legal and factual issues" it raised, the "appropriate solution" was to prescribe the second alternative remedy effective no later than the deadline date.[4] Remedy Order at 4-6.  Accordingly, the Commission adopted the second of the Remand Order's alternative rate-based remedies, to take effect September 30, 2013:

> [T]he Commission directs the Postal Service to equalize the rates for letter- and flat-shaped DVD mail by reducing the price for a two-ounce First-Class flat-shaped round-trip DVD mailer to the price for a one-ounce First-Class letter-shaped round-trip DVD mailer effective September 30, 2013.

Remedy Order at 1-2.  In announcing the remedy, the Commission invoked its "authority under [PAEA section 205] to 'take such action as the Commission considers appropriate in order to achieve compliance with the applicable requirements and to remedy the effects of any noncompliance such as ordering unlawful rates to be adjusted to lawful levels.' "  Remedy Order at 8 (quoting 39 U.S.C. § 3662(c), *supra* note 2) (bracketed insertion added; other alterations omitted).

---

[4]The PRC concluded that implementing the remedy would not cause USPS "material injury" because its new product request sought the same rate and effective date, the remedy would not have "price cap implications" for USPS and USPS was free to proceed with its new product request.  Remedy Order at 6-7.  On the flip side, the PRC concluded implementation would prevent "indeterminate" and "unacceptable" delay in redressing the discrimination GameFly was then experiencing.  *Id*. at 5.

USPS timely petitioned for review of the Remand Order, the reconsideration denial and the Remedy Order.

## II.

USPS challenges the Commission's remedy on several grounds. The court reviews the Commission's orders pursuant to the Administrative Procedure Act (APA), 5 U.S.C. §§ 701 et seq., and may therefore set them aside if they are "arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law." *GameFly I*, 704 F.3d at 148 (quoting 5 U.S.C. § 706(2)(A)); *see also* 39 U.S.C. § 3663 (incorporating APA review standard). In our review, we adhere to our "long-standing principle that 'the breadth of agency discretion is, if anything, at [its] zenith when the action assailed relates primarily not to the issue of ascertaining whether conduct violates the statute, or regulations—but rather to the fashioning of . . . remedies and sanctions.' " *Am. Tel. & Tel. Co. v. FCC*, 454 F.3d 329, 334 (D.C. Cir. 2006) (quoting *Niagara Mohawk Power Corp. v. Fed. Power Comm'n*, 379 F.2d 153, 159 (D.C. Cir. 1967)) (ellipsis in original). So deferring to the Commission's remedial determination, we reject USPS's arguments and deny its petition for review.[5]

### A. GameFly I*'s Mandate*

USPS first contends the PRC's remedy is inconsistent with our mandate in *GameFly I*. *See City of Cleveland, Ohio*

---

[5]Intervenor GameFly also questions USPS's standing but we find USPS adequately demonstrated it has been injured—as well as "adversely affected or aggrieved," 39 U.S.C. § 3663—by the PRC's challenged orders under which it receives less compensation for flat DVD mail than previously.

*v. Fed. Power Comm'n*, 561 F.2d 344, 346 (D.C. Cir. 1977) ("The decision of a federal appellate court establishes the law binding further action in the litigation by another body subject to its authority. The latter is without power to do anything which is contrary to either the letter or spirit of the mandate construed in the light of the opinion of (the) court deciding the case . . . .") (quotation mark and footnote omitted). In its challenge, USPS attempts to limit the scope of our mandate to require that the Commission implement an *operational* remedy—i.e., one changing the way that mail is processed—rather than the *rate-based* remedy the PRC in fact adopted, equalizing the letter and flat rates. USPS argues that in *Gamefly I*, we faulted the PRC's remedy because it "left in place 'terms of service discrimination,' *i.e.*, 'providing manual letter processing to Netflix but not GameFly,' " and that therefore "the price difference between letters and flats was *irrelevant* to the finding of discrimination, which concerned the discriminatory terms of service offered for DVDs sent as *letters*." USPS Br. 37 (quoting *GameFly I*, 704 F.3d at 149) (emphases in original). USPS places too much emphasis on the isolated language it quotes.

In *GameFly I*, we made clear the residual discrimination lay in both the services offered and the rates charged therefor. We expressly noted the PRC "found that the Postal Service had discriminated against GameFly in *rates and* terms of service" and instructed that where it "allows discrimination to exist *in the postal rate structure*, it must explain why that discrimination is due or reasonable under § 403(c)." 704 F.3d at 147-48 (emphases added). Moreover, our mandate was quite broad, directing the PRC on remand to "either remedy *all* discrimination or explain why any residual discrimination is due or reasonable under § 403." *Id*. at 149 (emphasis added). In no wise did we foreclose adopting a rate-based remedy. To the contrary, we foresaw that on remand the

Commission would "surely consider" the remedies GameFly had already proposed (and the PRC rejected)—which were themselves rate-based remedies, *see id*. at 147—while noting "there may be *a range of other possible remedies* which would withstand appellate review." 704 F.3d 149 (emphasis added). In the end, we rejected the Commission's chosen remedy not because it was rate-based—although it was—but because the PRC had not adequately justified what it acknowledged was a " 'difference in the *rates* that will be paid by Netflix and GameFly under the remedy.' " *Id*. at 148 (quoting 2011 PRC Order at 115) (emphasis added). Contrary to USPS's arguments, our decision in *GameFly I* (as well as GameFly's complaint and the 2011 PRC Order) focused on rate discrimination and GameFly's need to "resort to [expensive] workarounds to get its DVDs to its customers" and to spend "millions annually to avoid the Postal Service's automated letter processing stream." *Id.* at 147. The high costs of flat mailer services were part and parcel—the direct result—of the service discrimination the PRC and this court found. *See id.* at 149 ('[T]he Commission's findings establish that the Postal Service's terms of service discrimination against GameFly . . . led to the companies' use of different mailers."); *id.* at 149 ("[T]he use of different mailers is itself the product of the service discrimination."). Accordingly, we conclude that the Commission's rate based remedy is fully consistent both with our decision in *GameFly I* and with the Commission's remedial authority—and obligation—under PAEA to "take such action as . . . appropriate in order to achieve compliance with the applicable requirements *and to remedy the effects of any noncompliance*." 39 U.S.C. § 3662(c) (emphasis added).

### *B. Alternative Remedies*

Next, USPS asserts that the PRC was required to choose its remedy from among the *operational* options proposed, any one of which would have been effective in eliminating what USPS views as the limited discrimination we identified in *GameFly I*. This argument fails from the start given our rejection, *supra* Part II.A, of USPS's narrow characterization of the discrimination that the Commission and the court found existed (i.e., as limited to disparate service without regard to the high rates GameFly paid as a consequence) and of the permissible "range of remedies" therefore available to USPS (i.e., as limited to operational remedies only). In any event, the Commission reasonably explained why it rejected the six operational remedies before it—none of them served all three of the Commission's stated objectives: that the remedy be effective, enforceable and readily implemented. *See* Remand Order at 26-35.

The Commission rejected three of the proposed operational remedies as not "effective" because they lacked an objective requirement to ensure parity of treatment among DVD mailers so as to remedy the unlawful discrimination.[6]

---

[6]*See* Remand Order at 18-19 (rejecting operational remedy that required USPS to process GameFly letters using non-machine processing " '[t]o the extent possible and practicable' and 'to substantially the same degree' as other DVD mailers' DVD mail" because of the "vagueness of the standard"); *id*. at 20 (rejecting remedy requiring both the non-machinable surcharge on letter DVD mail and the second-ounce rate on 2-ounce flats as leaving open "possibility that the Postal Service could continue to provide manual processing only to Netflix (and not other letter-shaped DVD mailers) and still subject all letter-shaped DVDs to the non-machinable surcharge"); *id*. at 12, 20-21 (rejecting remedy that requires manual handling of all letter-shaped DVDs "subject to

In contrast, the remedy the Commission selected was unequivocally effective in equalizing the playing field, thereby eliminating the discrimination—or at least its injurious effects. The remaining three operational remedies— each of which the Commission acknowledged "could at least, in theory, be effective," *id.* at 21—it also dismissed.[7] The Commission concluded each of these remedies was "likely to prove prohibitively difficult to enforce," as USPS had itself acknowledged in a May 3, 2013 letter. *Id.* at 21-22 (USPS wrote that it would be " 'unrealistic' " and " 'difficult, if not practically impossible, or exceedingly costly, to maintain an ongoing enforcement mechanism that would ensure that every mailer's DVD letters will receive exactly the same levels of manual processing experienced by every other mailer of DVD letters, either locally or nationally' "). The Commission further reasonably found that any of the proposed operational remedies would cause significant and unnecessary delay because it would require reopening the docket—given USPS's assertion the record did not reflect recent operational changes which affect the formulation of an operational

---

certain standards" because it "would leave implementation almost entirely in the hands of local Postal Service managers" and USPS itself warned PRC and GameFly to "expect significant variation in actual implementation, depending on local processing decisions").

[7]*See* Remand Order at 21-25 (rejecting GameFly's quondam but since-abandoned operational proposals to require "a measurable and enforceable level of manual culling and processing of DVD mailers sent at machinable letter rates," *id.* at 11 (quotation marks omitted), or to require that USPS either provide same level of manual processing to both Netflix and GameFly or discontinue manual processing of Netflix mail altogether; and PRC's own proposal to retain 2011 PRC Order remedy but with an "enforcement mechanism to ensure manual processing at a certain level," *id.* at 12).

remedy, GameFly's claim the existing record was inadequate and the inherent difficulty of creating an enforceable operational remedy—all resulting in "potentially protracted remand proceedings" that would only prolong the unlawful discrimination and increase the injury to GameFly and other DVD mailers. *Id*. at 25. Given the Commission's thorough and sound explanation for preferring the rate-based remedy it chose over the proposed operational remedies, we defer to its technical remedial choice.[8] *See AT&T Wireless Servs., Inc. v. FCC*, 365 F.3d 1095, 1099 (D.C. Cir. 2004) (although "[t]he court is generally the authoritative interpreter of its own remand . . . and . . . owes no deference to the Commission's interpretation of its task on remand[,] . . . [t]o the extent the Commission's explanation on remand encompasses technical predictions within its expertise, . . . the court will defer to its judgment so long as it is 'not contrary to law, is rational, has support in the record, and is based on a consideration of the relevant factors[]' . . . because 'greater discretion is given administrative bodies when their decisions are based upon judgmental or predictive conclusions' " (quoting *NAACP v. FCC*, 682 F.2d 993, 997, 1001 (D.C. Cir. 1982)) (alterations added; citations omitted)).

---

[8]We readily dismiss USPS's challenge to the PRC's reliance on the three objectives—in particular enforceability and timeliness. The Commission adequately explained why it adopted the three common-sense objectives, *see* Remand Order at 14-18, and its choices seem to us patently reasonable. Nor do we see merit in USPS's objections to the PRC's analysis based on the chosen objectives. USPS's suggested enforcement alternatives—the lengthy statutory complaint process and scanning a bar code to determine *the fact* of manual processing, *see* USPS Br. 45-47—do not so effectively enforce timely compliance with section 403 or ensure *equal quality* of processing as does the simple upfront rate-based remedy the Commission adopted.

## *C. Arbitrariness*

Finally, USPS contends the "equalized rate" the Commission chose is arbitrary because (1) it does not respond to the discrimination that the PRC and this court found and (2) the PRC failed to consider whether the new rate is consistent with PAEA's market-dominant provisions. The first contention is easily answered. As we explained above, *supra* Part II.A, the remedy adopted eliminates the discriminatory treatment the PRC and the court found—and the effects thereof—because it ensures that all mailers will receive comparable service at no additional cost. Regarding the second assertion, USPS argues that under PAEA the PRC could not find the existing rate for flats was "unlawful" "without resort to the objectives, factors and policies of 39 U.S.C. § 3622, which govern the rates for market-dominant products." USPS Br. 52 (citing 39 U.S.C. § 3622(a)) (emphasis omitted). As an initial matter, section 3622 on its face applies only to the Commission's fundamental statutory duty "by regulation [to] *establish* . . . a modern *system* for regulating rates and classes for market-dominant products." 39 U.S.C. § 3622(a) (emphases added); it does not purport to govern the Commission's action here in adjusting individual rates to remedy the effects of discrimination pursuant to its duty and authority under 39 U.S.C. § 3662(c). *See* Remand Order at 31 (explaining PRC's exercise of its section 3662(c) authority to resolve discrimination complaint). In any event, to whatever extent the Commission was bound to consider the statutory factors (as it apparently concedes that it was, *see* PRC Br. 40), it reasonably concluded that those "generally applicable ratemaking policies" were outweighed by the need to afford the complete relief we ordered in *GameFly I*. *See* Order on Reconsideration and Clarification at 5, *Complaint of GameFly, Inc.*, Docket No. C2009-1R (PRC Aug. 13, 2013).

For the foregoing reasons, we deny the petition for review.

*So ordered.*